**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **ATIF JADOON f/k/a ATIF AHMAD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | No. |
| | ) | |
| **CHICAGO POLICE OFFICERS** | ) | FILED: AUGUST 20, 2008 |
| **SHEILA JOYCE, individually and as** | ) | 08CV4751 |
| **an agent of the CITY OF CHICAGO;** | ) | JUDGE KENDALL |
| **A. F. SORISTO, #13703, individually and as an** | ) | MAGISTRATE JUDGE MASON |
| **agent of the CITY OF CHICAGO;** | ) | |
| **M. T. MARLO, #8460, individually and as an** | ) | |
| **agent of the CITY OF CHICAGO; M. S.** | ) | AEE |
| **FELDMAN,  #501, individually and as an** | ) | |
| **agent of the CITY OF CHICAGO; S.** | ) | |
| **WALTER, #1699, individually and as an** | ) | |
| **agent of the CITY OF CHICAGO;** | ) | |
| **and the CITY OF CHICAGO, a municipal** | ) | |
| **corporation,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

Plaintiff, ATIF JADOON f/k/a ATIF AHMAD (hereinafter "Jadoon"),  by his attorneys,

Barnard & Associates, Ltd., complains of the Defendants, SHEILA JOYCE ("Joyce"),

individually and as an agent of the CITY OF CHICAGO; A. F. SORISTO ("Soristo"),

individually and as an agent of the CITY OF CHICAGO; M. T. MARLO ("Marlo"), individually

and as an agent of the CITY OF CHICAGO; M. S. FELDMAN ("Feldman"), individually and as

an agent of the CITY OF CHICAGO; S. WALTER ("Walter"), individually and as an agent of

the CITY OF CHICAGO; and the CITY OF CHICAGO, a municipal corporation, as follows:

## PARTIES

1.     At all times relevant herein, the Plaintiff, Atif Jadoon, was a legal resident of the United States and resided in the City of Chicago, County of Cook, State of Illinois.

2.     At all times relevant herein, the Defendant, the City of Chicago, was and is a municipal corporation, duly organized and existing under Illinois law, and as a municipal corporation maintained a police department for the protection of the citizens of Chicago.

3.     At all times relevant herein, the Defendants, Joyce (star number unknown), Soristo (star #13703), Marlo (star #8460), Feldman (star #501) and  Walter (star #1699), were employees of said police department and acted under color of law and within their respective capacities as Chicago police officers and employees and agents of the City of Chicago.

## JURISDICTION AND VENUE

4.     This action arises under 42 U.S.C. 1983, 1985 and 1988.  Jurisdiction in this court is authorized by 28 U.S.C. 1331, 1343(3) and 1367(a).

5.     Venue is proper in the Northern District of Illinois by reason of 28 U.S.C. §1402(b).

## FACTS

6.     On September 23, 2006, at approximately 3:45 p.m., Plaintiff was in the lawful operation of his motor vehicle while taking his sister to the Target store located near the intersection of Damen and Peterson Avenues in the City of Chicago, County of Cook, State of Illinois.

7.     In the course of his journey, Plaintiff turned east onto Bryn Mawr, pulling out into traffic ahead of Defendant Joyce, an off duty Chicago police officer who was  operating a 2003 Mercedes Kompressor behind him.

8.     Following Plaintiff's pulling out into traffic ahead of Defendant's vehicle, Joyce began to tailgate Plaintiff's vehicle.  When Plaintiff pulled over to allow Joyce to pass his vehicle, she instead pulled over next to him, thereby blocking his path and nearly hitting two vehicles approaching from the opposite lane.   Joyce then lowered her window and informed Plaintiff that she was an off duty police officer and that Plaintiff had "messed with the wrong person" and was "going to get it."

9.     As a result of this harassment by Joyce, Plaintiff called 911 to report the occurrence.  The operator advised Plaintiff to either remain where he was or to drive to the nearest police station.  Following his call, Joyce moved her vehicle so that he could pull back out into traffic.

10.     Plaintiff then drove his vehicle to the nearby police station located at 5400 North Lincoln in Chicago, Illinois.

11.     After pulling his vehicle into the drop off area in front of the police station, he and his sister went inside the station, shortly after which he advised his sister to drive the vehicle home and proceeded to the counter area inside the station in order to file a complaint against Joyce.

12.     Nevertheless, at said time and place, Plaintiff was taken into custody by officers at the station and, without being read his Miranda rights or informed of the charge against him, was handcuffed and taken to a holding area and then processed upon Joyce's assertion that he had committed an assault upon her.  Joyce also reiterated to Plaintiff at this time that he had "messed with the wrong person."  Officers A. F. Soristo, M. T. Marlo, M. S. Feldman and S. Walter, assisted Joyce in detaining Plaintiff and imprisoning him.

13.     Plaintiff was held at the police station for approximately 6 ½ hours before finally being released.

14.     Plaintiff was given a subsequent court date of October 17, 2006, at which to appear.  Following an extension to another court date in approximately December 2006, the charges against Plaintiff were dismissed by the city's attorneys before any testimony was taken.

## COUNT I – VIOLATION OF 42 U.S.C. 1983 – DETENTION AND CONFINEMENT

15-28.   Plaintiff re-alleges Paragraphs One through Fourteen as Paragraphs Fifteen through Twenty-Eight of Count I as though fully set forth herein.

29.     On said date, there was in full force and effect the following statute, commonly known as 42 U.S.C. 1983:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory of the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress.

30.     Nevertheless, at said time and place, Defendants acted in their official capacities and under color of state law to deprive Plaintiff of his rights, privileges and immunities  under the Fourth, Fifth and Fourteenth Amendments of the United States Constitution by committing the following acts:

a.     Depriving Plaintiff of his liberty by taking him into custody and holding him against his will without due process of law;

b.     Making an unreasonable seizure of Plaintiff's person without due process of law;

c.     Detaining Plaintiff without reasonable grounds or probable cause of warrant.

31.     The acts of Defendants were without cause or justification, and as a result of these acts the Plaintiff was deprived of his Constitutionally-protected rights, in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States as well as 42 U.S.C. 1983, 1985 and 1988.  As a result of Defendants' acts, Plaintiff was humiliated, suffered severe emotional distress and in other ways suffered damages at the hands of the Defendants.

32.     The City of Chicago is liable under the doctrine of *respondeat superior*.

WHEREFORE, the Plaintiff, ATIF JADOON, prays for the entry of a verdict and judgment against the Defendants, SHEILA JOYCE, individually and as an agent of the CITY OF CHICAGO; A. F. SORISTO, individually and as an agent of the CITY OF CHICAGO; M. T. MARLO, individually and as an agent of the CITY OF CHICAGO; M. S. FELDMAN, individually and as an agent of the CITY OF CHICAGO; S. WALTER, individually and as an agent of the CITY OF CHICAGO; and the CITY OF CHICAGO, a municipal corporation, in an amount which fairly and adequately compensates the Plaintiff for his damages.  Moreover, Plaintiff prays for an award of his attorneys' fees and costs incurred in prosecuting this matter pursuant to 42 U.S.C. 1988(b).

## COUNT II – VIOLATION OF 42 U.S.C. 1985 – CONSPIRACY

33-46.  Plaintiff re-alleges Paragraphs One through Fourteen as Paragraphs Thirty-Three through Forty-Six of Count II as though fully set forth herein.

47.     On said date, there was in full force and effect the following statute, commonly known as 42 U.S.C. 1985, which states in pertinent part as follows:

. . . in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages

occasioned by such injury or deprivation, against any one or more of the conspirators.

48.     Nevertheless, at said time and place, Defendants conspired to act in their official capacities, in concert and under color of state law to deprive Plaintiff of his rights, privileges and immunities  under the Fourth, Fifth and Fourteenth Amendments of the United States Constitution by committing the following acts:

a.      Conspiring to deprive Plaintiff of his liberty by taking him into custody and holding him against his will without due process of law;

b.      Conspiring to make an unreasonable seizure of Plaintiff's person without due process of law;

c.      Conspiring to detain Plaintiff without reasonable grounds or probable cause of warrant.

49.     The acts of Defendants were without cause or justification, and as a result of these acts the Plaintiff was deprived of his Constitutionally-protected rights, in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States as well as 42 U.S.C. 1983, 1985 and 1988.  As a result of Defendants' conspiratorial acts, Plaintiff was humiliated, suffered severe emotional distress and in other ways suffered damages at the hands of the Defendants.

50.     The City of Chicago is liable under the doctrine of *respondeat superior*.

WHEREFORE, the Plaintiff, ATIF JADOON, prays for the entry of a verdict and judgment against the Defendants, SHEILA JOYCE, individually and as an agent of the CITY OF CHICAGO; A. F. SORISTO, individually and as an agent of the CITY OF CHICAGO; M. T. MARLO, individually and as an agent of the CITY OF CHICAGO; M. S. FELDMAN, individually and as an agent of the CITY OF CHICAGO; S. WALTER, individually and as an agent of the CITY OF CHICAGO; and the CITY OF CHICAGO, a municipal corporation, in an

amount which fairly and adequately compensates the Plaintiff for his damages. Moreover, Plaintiff prays for an award of his attorneys' fees and costs incurred in prosecuting this matter pursuant to 42 U.S.C. 1988(b).

### COUNT III – MALICIOUS PROSECUTION

51-64.   Plaintiff re-alleges Paragraphs One through Fourteen as Paragraphs Fifty-One through Sixty-Four of Count III as though fully set forth herein.

65.   Said judicial proceeding was commenced by Defendants against Plaintiff even though Plaintiff had not violated any law or statute.

66.   Nevertheless, Joyce manufactured a criminal cause of action against Plaintiff by alleging that he had assaulted her.

67.   The other Defendants herein assisted Joyce in manufacturing this criminal cause of action.

68.   As a result of these acts the Plaintiff was subjected to a malicious prosecution and suffered damages thereby.

69.   The City of Chicago is liable under the doctrine of *respondeat superior*.

WHEREFORE, the Plaintiff, ATIF JADOON, prays for the entry of a verdict and judgment against the Defendants, SHEILA JOYCE, individually and as an agent of the CITY OF CHICAGO; A. F. SORISTO, individually and as an agent of the CITY OF CHICAGO; M. T. MARLO, individually and as an agent of the CITY OF CHICAGO; M. S. FELDMAN, individually and as an agent of the CITY OF CHICAGO; S. WALTER, individually and as an agent of the CITY OF CHICAGO; and the CITY OF CHICAGO, a municipal corporation, in an amount which fairly and adequately compensates the Plaintiff for his damages.   Moreover,

Plaintiff prays for an award of his attorneys' fees and costs incurred in prosecuting this matter pursuant to 42 U.S.C. 1988(b).

## COUNT IV – FALSE ARREST

70-83.   Plaintiff re-alleges Paragraphs One through Fourteen as Paragraphs Seventy through Eighty-Three of Count IV as though fully set forth herein.

84.   At the time of his arrest, Defendants had no reasonable grounds for arresting Plaintiff.

85.   As a result of these acts the Plaintiff was falsely arrested and suffered damages therefrom.

86.   The City of Chicago is liable under the doctrine of *respondeat superior*.

WHEREFORE, the Plaintiff, ATIF JADOON, prays for the entry of a verdict and judgment against the Defendants, SHEILA JOYCE, individually and as an agent of the CITY OF CHICAGO; A. F. SORISTO, individually and as an agent of the CITY OF CHICAGO; M. T. MARLO, individually and as an agent of the CITY OF CHICAGO; M. S. FELDMAN, individually and as an agent of the CITY OF CHICAGO; S. WALTER, individually and as an agent of the CITY OF CHICAGO; and the CITY OF CHICAGO, a municipal corporation, in an amount which fairly and adequately compensates the Plaintiff for his damages.   Moreover, Plaintiff prays for an award of his attorneys' fees and costs incurred in prosecuting this matter pursuant to 42 U.S.C. 1988(b).

## COUNT V – FALSE IMPRISONMENT

87-100.   Plaintiff re-alleges Paragraphs One through Fourteen as Paragraphs Eighty-Seven through 100 as though fully set forth herein.

101.    As a result of the foregoing actions of Defendants, Plaintiff was deprived of his liberty and detained against his will.

102.    At the time they detained Plaintiff, Defendants had no reasonable grounds for doing so.

103.    As a result of said detention, Plaintiff was falsely imprisoned and suffered damages therefrom.

104.    The City of Chicago is liable under the doctrine of *respondeat superior*.

WHEREFORE, the Plaintiff, ATIF JADOON, prays for the entry of a verdict and judgment against the Defendants, SHEILA JOYCE, individually and as an agent of the CITY OF CHICAGO; A. F. SORISTO, individually and as an agent of the CITY OF CHICAGO; M. T. MARLO, individually and as an agent of the CITY OF CHICAGO; M. S. FELDMAN, individually and as an agent of the CITY OF CHICAGO; S. WALTER, individually and as an agent of the CITY OF CHICAGO; and the CITY OF CHICAGO, a municipal corporation, in an amount which fairly and adequately compensates the Plaintiff for his damages.  Moreover, Plaintiff prays for an award of his attorneys' fees and costs incurred in prosecuting this matter pursuant to 42 U.S.C. 1988(b).

## COUNT VI – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

105-118.    Plaintiff re-alleges Paragraphs One through Fourteen as Paragraphs 105 through 118 as though fully set forth herein.

119.    Defendants, acting within the scope of their employment, continually and negligently inflicted emotional distress upon the Plaintiff by willfully violating his Constitutional rights.

120. Plaintiff never interfered with any of the Defendants' obligations or official duties.

121. Defendants owed a duty to act according to a standard of ordinary care of police officers, to wit, to conduct a proper investigation, the failure of which was the proximate cause of Plaintiff's injury.

122. As a direct and proximate cause of this breach of duty, Plaintiff suffered great mental distress and anguish, emotional trauma, embarrassment, and humiliation, resulting in Plaintiff's continued fear for his safety.

123. Plaintiff was, is, and likely will continue to be inflicted with emotional distress due to the negligence of Defendants.

124. The City of Chicago is liable under the doctrine of *respondeat superior*.

WHEREFORE, the Plaintiff, ATIF JADOON, prays for the entry of a verdict and judgment against the Defendants, SHEILA JOYCE, individually and as an agent of the CITY OF CHICAGO; A. F. SORISTO, individually and as an agent of the CITY OF CHICAGO; M. T. MARLO, individually and as an agent of the CITY OF CHICAGO; M. S. FELDMAN, individually and as an agent of the CITY OF CHICAGO; S. WALTER, individually and as an agent of the CITY OF CHICAGO; and the CITY OF CHICAGO, a municipal corporation, in an amount which fairly and adequately compensates the Plaintiff for his damages. Moreover, Plaintiff prays for an award of his attorneys' fees and costs incurred in prosecuting this matter pursuant to 42 U.S.C. 1988(b).

## COUNT VII – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

125-138. Plaintiff re-alleges Paragraphs One through Fourteen as Paragraphs 125 through 138 as though fully set forth herein.

139.     Defendants, acting within the scope of their employment, continually and intentionally inflicted emotional distress upon the Plaintiff by willfully violating his Constitutional rights, and they knew or should have known that Plaintiff's emotional distress was the likely result of their conduct.

140.     Defendants' conduct was extreme and outrageous, beyond all possible bounds of decency and utterly intolerable in a civilized society.

141.     The emotional distress sustained by Plaintiff was severe and of a nature that no reasonable man could be expected to endure.

142.     The actions of Defendants as herein described were the direct and proximate cause of Plaintiff's distress.

143.     The City of Chicago is liable under the doctrine of *respondeat superior*.

WHEREFORE, the Plaintiff, ATIF JADOON, prays for the entry of a verdict and judgment against the Defendants, SHEILA JOYCE, individually and as an agent of the CITY OF CHICAGO; A. F. SORISTO, individually and as an agent of the CITY OF CHICAGO; M. T. MARLO, individually and as an agent of the CITY OF CHICAGO; M. S. FELDMAN, individually and as an agent of the CITY OF CHICAGO; S. WALTER, individually and as an agent of the CITY OF CHICAGO; and the CITY OF CHICAGO, a municipal corporation, in an amount which fairly and adequately compensates the Plaintiff for his damages.  Moreover, Plaintiff prays for an award of his attorneys' fees and costs incurred in prosecuting this matter pursuant to 42 U.S.C. 1988(b).

Respectfully submitted,
ATIF JADOON f/k/a ATIF AHMAD, Plaintiff

By:____s/ Todd H. Fox_____
                His attorneys

Ronald L. Barnard (#113751)
Todd H. Fox (#6224945)
Barnard & Associates, Ltd.
33 N. LaSalle Street
Suite 2100
Chicago, IL 60602
312-641-2225